**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE LESLIE VONTRESS, | No. 22-15666 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01746-RFB-BNW |
| v. | |
| STATE OF NEVADA; JAMES DZURENDA; D. W. NEVENS; JO GENTRY, Warden, Warden; FRANK DREESON; PENA; DAMIEN HENNINGER; T. THOMAS, Warden; D. MARR; C. FULLER; RACHEAL WILLIAMS; SDCC; HDSP; SCC; CORE CIVIC; SCC MEDICAL STAFF, Does; E. PROVENCAL, Lt.; ARANUS, Dr., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted December 19, 2023**

Before: O'SCANNLAIN, KLEINFELD, and SILVERMAN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

George Vontress appeals from the district court's grant of summary judgment in favor of the defendants in his prisoner civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the grant of summary judgment de novo, *Jett v Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), and affirm.

The district court correctly applied the summary judgment standard, identified the relevant material facts, and gave specific reasons orally in open court for granting summary judgment for each claim.

Summary judgment was proper for Warden Neven on the procedural due process claim because the appellant failed to offer evidence to establish that the warden was aware of or directly involved in the proceedings. *See Maxwell v. County of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013) (holding that supervisors cannot be liable for civil rights violations unless they "participated in or directed the violations, or knew of the violations and failed to act to prevent them") (internal quotation marks omitted).

Summary judgment was proper for Dr. Pena, Warden Thomas, and Nurse Practitioner Fuller on the claims alleging deliberate indifference to the appellant's medical needs. At most, arguably, the appellant established differences of medical opinion or negligence. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (holding that a difference of medical opinion does not rise to the level of deliberate

2

indifference); *Jett*, 439 F.3d at 1096 (holding that mere negligence does not rise to the level of deliberate indifference).[1]

Appellant's Motion for Injunctive Relief (Dkt. Entry No. 5) is DENIED.

Appellant's Motion for Judicial Notice (Dkt. Entry No. 32) is DENIED as moot.

**AFFIRMED.**

---

[1]We decline to consider issues not raised by appellant in his opening brief. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) ("an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief.").